

08 CIV 7217

Janine M. Gargiulo
Arent Fox LLP
1675 Broadway
New York, NY 10019
Telephone: (212) 484-3936
Fax: (212) 484-3990
*Attorney for Plaintiffs Diesel S.p.A. and Diesel U.S.A., Inc.*

AUG 13 2008
U.S.D.C. S.D. N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------

DIESEL S.p.A. and DIESEL U.S.A., INC.,

      Plaintiffs,

v.

RHE HATCO, INC.,

      Defendant.
-----------------------------------------------------------

Civil Action No.

**COMPLAINT FOR DECLARATORY JUDGMENT**

**JURY TRIAL DEMANDED**

Plaintiffs Diesel S.p.A. and Diesel U.S.A., Inc. (collectively, "Diesel") by its attorneys, Arent Fox LLP, hereby bring this action seeking declaratory relief against RHE Hatco, Inc., and allege as follows:

### SUMMARY OF CLAIM

1.    Pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure Plaintiffs seek a declaration that their use of the DIESEL trademarks do not infringe Defendant's marks.

### THE PARTIES

2.    Plaintiff Diesel S.p.A. is an Italian corporation with its principal place of business in Molvena, Italy. Diesel S.p.A owns its trademark DIESEL for various goods including numerous men's and women's clothing items.

1

3. Plaintiff Diesel U.S.A., Inc. is a Delaware corporation with its principal place of business in New York, New York. Diesel U.S.A., Inc. is a wholly owned subsidiary of Diesel International BV, which is a wholly owned subsidiary of Diesel S.p.A., all of which belong to the Only the Brave s.r.l. Group. Diesel U.S.A., Inc. has the exclusive license from Diesel S.p.A. to distribute and sell products in the United States which bear the DIESEL marks, as discussed below, and to use the DIESEL marks in commerce.

4. Upon information and belief, Defendant RHE Hatco, Inc. ("Hatco") is a Delaware corporation with its principal place of business in Garland, Texas.

## JURISDICTION AND VENUE

5. Plaintiff's claims arise under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*

6. Jurisdiction is proper in this Court under 28 U.S.C. §§ 1331 and 1338.

7. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2).

## COMMON ALLEGATIONS

8. Diesel is an international manufacturer and retailer of men's and women's clothing, shoes, and accessories. Diesel is famous for its edgy, high-fashion casual clothing items, especially jeans, and its typical customers are fashion-conscious men and women between twenty and thirty years of age. Diesel U.S.A. maintains show rooms throughout the United States, including a flagship store on Fifth Avenue in New York, New York.

9. Diesel S.p.A. owns and has used for over twenty-five years its trademark DIESEL for various goods, including numerous men's and women's clothing items. Due to Diesel's widespread use, advertising, and extensive marketing, DIESEL is world-renowned, and consumers have come to recognize the mark as a distinctive symbol of Diesel's goodwill.

10. Diesel uses its renowned DIESEL mark on various clothing, including but not limited to trousers, pants, jeans, shorts, skirts, overcoats, raincoats, jackets, wind-resistant jackets, blazers, sweaters, jerseys, vests, cardigans, shirts, t-shirts, blouses, dresses, suits, tracksuits, sweatshirts, pullovers, overalls, and footwear. Over the years, Diesel has diligently filed declarations and evidences of use in order to retain protection for each of these goods.

11. Diesel holds various U.S. trademark registrations for its DIESEL mark. These registrations include Reg. No. 1,498,698 (covering men's and women's apparel; issued: August 2, 1988; date of first use: February 29, 1984), Reg. No. 1,564,710 (covering various types of clothing; issued: November 7, 1989; date of first use: October 24, 1978), and Reg. No. 1,989,390 (covering perfumes, soaps, makeup, glasses, watches, fabrics, shoes, and numerous other accessories; issued: July 30, 1996); and Reg. No. 2,339,750 (covering electrical appliances, furniture, and various other housewares; issued: April 11, 2000).

12. Diesel U.S.A., Inc. launched an advertising campaign for its new clothing line, the DIESEL BLACK GOLD collection, in the United States in or about October 2007. Fashion news sources began reporting on the DIESEL BLACK GOLD collection as early as November 2007.

13. Diesel's U.S.A., Inc.'s DIESEL BLACK GOLD collection premiered during New York City Fashion Week in February 2008. The DIESEL BLACK GOLD collection joins Diesel's already existing Diesel Denim Gallery collection and the main Diesel collection. Shoes, bags, and clothing belonging to the Fall/Winter 2008 season and bearing the DIESEL BLACK GOLD mark were delivered to domestic Diesel stores and select department stores in June 2008.

14. Diesel S.p.A. holds an international trademark registration application for its mark DIESEL BLACK GOLD, International Registration No. 965751 (granted on February 11, 2008).

This international application covers the United States and includes protection for clothing and other accessories and will, upon information and belief, have a priority date of October 18, 2007 based on Diesel's Italian Application No. MI/2007/10724 for DIESEL BLACK GOLD, which was filed on October 18, 2007.

15. Upon information and belief, Defendant Hatco is primarily a manufacturer of western-style hats.

16. Hatco holds a U.S. trademark registration for its BLACK GOLD mark, Reg. No. 1,338,045, covering headwear only. Reg. No. 1,338,045 issued on May 28, 1985.

17. Upon information and belief, Hatco also holds a pending U.S. trademark registration application for its BLACK GOLD mark, Serial No. 77/367,155, ostensibly covering clothing. Serial No. 77/367,155 was filed on January 9, 2008.

18. Hatco sells its hats nationwide through various online and local retailers. For example, Hatco's hats are available for sale nationwide through Westernhats.com, Cowboyhatstore.com, and at a number of New York distributors, including Western Spirit, 395 Broadway, New York, New York.

19. Upon information and belief, Hatco does not sell any clothing or footwear bearing the BLACK GOLD mark, but rather has manufactured promotional shirts bearing the BLACK GOLD mark.

20. On March 28, 2008, Hatco sent Diesel a cease-and-desist letter. Through this letter and subsequent correspondence, Hatco alleges that Diesel's use of the DIESEL BLACK GOLD mark on clothing and other accessories in the United States infringes Hatco's trademark rights. In addition, Hatco alleges that Diesel's use of the DIESEL BLACK GOLD mark will result in confusion, deception, and/or mistake, and violates federal and state trademark

infringement laws, as well as laws concerning unfair competition, trademark dilution, false designations of origin, and/or deceptive trade practices.

21.     More specifically, in its March 28, 2008 cease-and-desist letter, Hatco alleges that Diesel's February 2008 introduction of the DIESEL BLACK GOLD collection to U.S. consumers at a New York fashion show and Diesel's intention to devote two floors of its New York showroom to the DIESEL BLACK GOLD collection allegedly infringes Hatco's trademark rights.

## COUNT ONE: DECLARATORY JUDGMENT

22.     Diesel repeats the allegations set forth in paragraphs 1 through 21 above.

23.     Hatco has alleged, inter alia, that Diesel's use of its marks infringes on Hatco's trademark rights.

24.     A *bona fide* and present need exists for a declaration of the parties' rights based upon an actual case or controversy between the parties.

25.     A declaration can be made with a presently ascertainable set of facts.

26.     Hatco's conduct and allegations have created an actual case or controversy.

27.     Diesel has engaged in a course of conduct evidencing its definite and immediate intention and ability to commence use of the contested marks on its products. As a result, the parties are currently in adversarial conflict.

28.     Diesel is being damaged by the continued uncertainty created by Hatco regarding Diesel's legitimate use of its marks.

29.     Accordingly, Diesel seeks a declaratory judgment from the Court that the use of its marks as recited above does not infringe Hatco's marks or otherwise violate any of Hatco's related state or federal intellectual property rights.

**WHEREFORE**, Diesel prays for the following relief:

A.  An order declaring that Diesel's use of its marks does not infringe Hatco's marks;

B.  An order declaring that Diesel's use of its marks does not violate any of Hatco's state or federal intellectual property rights;

C.  Such other further relief to which Diesel may be entitled.

    Respectfully submitted,

    ARENT FOX LLP

    By: _____
    Janine M. Gargiulo
    1675 Broadway
    New York, NY 10019
    Telephone: (212) 484-3936
    Fax: (212) 484-3990
    *Attorney for Plaintiffs Diesel S.p.A. and Diesel U.S.A., Inc.*

Dated: August 13, 2008
New York, New York